**In re ELMHURST TRANSMISSION CORP., Debtor.**

**ENVIRECO INTERNATIONAL MOTORS, INC., Plaintiff,**

v.

**ELMHURST TRANSMISSION CORP., Marvin Sternbach, Merry Sternbach, Vahid Jadidian and "John Doe Corp." a fictitious name, and GTC Realty Corp., Defendants.**

**No. 884–41671–20.**
**Adv. No. 886–0004–20.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

March 26, 1986.

Nicholas J. Damadeo, Williston Park, N.Y.

Labozzetta & Haas, New York City.

Theodore Carsons, New York City.

Finkel, Goldstein & Berzow, New York City.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter was heard by the order to show cause of Envireco International Motors, Inc. ("Envireco") to enjoin the defendants from terminating Envireco's sublease. At least one of the defendants made a motion to dismiss for both jurisdictional and substantive reasons.

Envireco was a subtenant of the debtor, Elmhurst Transmission Corp. ("Elmhurst"). On February 14, 1985, this court deemed rejected the debtor's lease with its landlord. Apparently the debtor's counsel did not realize debtor's duty to assume its lease within 60 days of filing for bankruptcy. The District Court and Circuit Court of Appeals subsequently affirmed the rejection. Now, the debtor's former subtenant wants a preliminary injunction against evic-

1. "... the lessee ... may remain in possession of the leasehold ... the term of which has commenced for the balance of such term and for any renewal or extension of such term that

tion even though his lessor, the debtor, has no rights in the property.

If a debtor's lease is rejected in bankruptcy, 11 U.S.C. § 365(h)(1), affords his subtenants no more than their rights under state law.[1] Accordingly, this case belongs in state court. The debtor's bankruptcy case is near completion and the contemplated litigation between the debtor's former landlord and the debtor's former tenant will not affect the debtor's bankruptcy estate. Thus, the court abstains from hearing the case under 28 U.S.C. § 1334(c); and the adversary proceeding is hereby dismissed.

The court is concerned about the subtenant's accusation that the debtor's principal has violated his fiduciary duty to the debtor by allowing his wife to purloin the corporate opportunity to profit on the transfer of debtor's lease. That is certainly a matter to be pursued in bankruptcy court.

SO ORDERED.

is enforceable by such lessee ... *under applicable non-bankruptcy law.*" (Emphasis added). 11 U.S.C. § 365(h)(1), *see* 124 Cong.Rec. H 11,093 (Sept. 28, 1978); S 17,410 (Oct. 6, 1978).