**In re DIAL–A–TIRE, INC., Debtor.**

**Bankruptcy No. 86–20689.**

United States Bankruptcy Court, W.D. New York.

Oct. 7, 1987.

John A. Belluscio, Rochester, N.Y., on behalf of the debtor.

Robert M. Place, Fairport, N.Y., on behalf of John Perry.

Harris, Beach, Wilcox, Rubin & Levey by Angela J. Panzarella, Rochester, N.Y., on behalf of Alvin Russell.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This Motion and Cross-Motion require the Court to harmonize several provisions of 11 U.S.C. § 365 in deciding the treatment which should be given two commercial leasing agreements. At stake is the use and possession of real property in which Dial–A–Tire, Inc. (the "Debtor"), holds interests as both lessee and sublessor. The property is owned by Mr. Alvin Russell ("Russell"). The Debtor leased the property from Russell in 1983 and sublet it to J.J.P. Tires, Inc. ("J.J.P."), in 1985.

On February 25, 1983, the Debtor and Russell executed a lease (the "Lease") granting use and possession to the Debtor of premises located at 111–113 South Main Street, Fairport, New York (the "Premises"). The term of the Lease was thirty years commencing March 1, 1983. The monthly rental was set at $1,815 with a nine percent increase scheduled to take effect every fifth year. A security deposit of $12,500 was paid to Russell guaranteeing the Debtor's compliance with provisions of the Lease. Among the Debtor's obligations under the Lease were those of paying taxes, utilities and premiums to purchase comprehensive insurance coverage for the Premises. The Lease further pro-

vided that the Debtor could assign or sublet its interest.

On October 18, 1985, the Debtor and J.J.P. executed a sublease (the "Sublease") of the Premises. The Sublease provided J.J.P. with a period of occupancy coinciding with the remainder of the Lease term. The monthly rental under the Sublease, initially set at $2,100, was to remain effective for twenty-nine months. On the thirtieth month, and every fifth year thereafter, a nine percent increase was scheduled to take effect. By this regime, rent increases under the Sublease were synchronized with, and patterned after, those scheduled in the Lease. A security deposit of $8,864 was paid to the Debtor guaranteeing J.J.P.'s compliance with provisions of the Sublease. Among J.J.P.'s obligations under the Sublease were those of paying utilities and premiums to purchase comprehensive insurance coverage for the Premises. As under the Lease, responsibility for paying taxes under the Sublease fell to the Debtor. The Debtor defaulted under both the Lease and Sublease by failing to pay 1986–87 School Taxes and 1987 County Taxes. On May 23, 1986, the Debtor filed its Chapter 11 petition. Since that time, it appears that the Debtor has been receiving rent under the Sublease and paying rent under the Lease.

On April 14, 1987, a Motion was filed by J.J.P. pursuant to 11 U.S.C. § 365(f) and Bankruptcy Rule 6006(b). The Motion seeks an Order requiring the Debtor to assign its interest in the Sublease to Russell. J.J.P. also seeks to offset the Debtor's tax defaults, and recoup its $8,864 security deposit, by paying Russell rent in reduced amounts equivalent to those which he would have received under the Lease. Apparently, J.J.P. is attempting to avoid negotiating with Russell for the continued use of the Premises by having this Court adjust their post-bankruptcy relationship.

On May 8, 1987, Russell filed a Cross-Motion. Essentially, he seeks a determination that the Lease is deemed rejected pursuant to 11 U.S.C. § 365(d)(4). If that issue is resolved in his favor, Russell re-

quests that he be permitted to proceed in an appropriate forum to enforce his ownership interests and re-enter the Premises. Evidently, Russell believes that he will fare better if left to negotiate for the use of the Premises on the open market.

11 U.S.C. § 365(f)[1] governs the assignment of unexpired leases. Initially, the Court observes that the right to apply for an assignment appears to belong exclusively to the trustee or debtor-in-possession. Bkr—L Ed SUMMARY § 6:192. Accordingly, J.J.P. may be without standing to apply for an assignment of its Sublease. Bankruptcy Rule 6006[2] provides that a party to an unexpired lease may apply to the Court to compel the trustee or debtor-in-possession *to assume or reject* the lease. The subsection does not provide that a party to an unexpired lease may apply to compel the trustee or debtor-in-possession to *assign* the lease. Thus, a distinction exists permitting a party such as J.J.P. to apply for the assumption or rejection of an unexpired lease, but not for its assignment. The Advisory Committee note to Rule 6006 clouds the distinction by stating that subsection b is generally applicable whenever a party to an unexpired lease would have the trustee or debtor-in-possession "take some action." Since no objection to standing has been raised, the Court will reserve for the future decision on who may apply for the assignment of an unexpired lease and reach the merits of this application.

Under 11 U.S.C. § 365(f)(2), *see* n. 1 *supra*, three predicates must be met before the Court can approve the assignment of an unexpired lease. First, the trustee, or as here, debtor-in-possession, must assume the unexpired lease. 11 U.S.C. § 365(f)(2)(A). Next, the debtor-in-possession must cure any existing defaults under the unexpired lease.[3] Finally, the debtor-in-possession must provide adequate assurance that the prospective assignee will perform as required under the lease. 11 U.S.C. § 365(f)(2)(B). In this case, the predicates to an assignment have not been met. Nor, as will be explained, can they be. Accordingly, the Motion requesting an Order assigning the Sublease is denied. Consideration of the Cross-Motion follows.

Under 11 U.S.C. § 365(d)(4),[4] a Trustee, or debtor-in-possession, must assume or reject an unexpired lease of non-residential real property under which the Debtor is a lessee within sixty days after the date of the order for relief, or the lease will be deemed rejected. Here, the debtor-in-pos-

1. 11 U.S.C. § 365(f)(2) provides as follows:
   The trustee may assign an executory contract or unexpired lease of the debtor only if—
   (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
   (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

2. Bankruptcy Rule 6006(b) provides as follows:
   **Proceeding to Require Trustee to Act.** A proceeding by a party to an executory contract or unexpired lease in a chapter 9 municipality case, chapter 11 reorganization case, or chapter 13 individual's debt adjustment case, to require the trustee, debtor in possession, or debtor to determine whether to assume or reject the contract or lease is governed by Rule 9014.

3. 11 U.S.C. § 365(b) governs the assumption of unexpired leases and provides in pertinent part that,
   If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
   (C) provides adequate assurance of future performance under such contract or lease.
   11 U.S.C. § 365(b)(1)

4. 11 U.S.C. § 365(d)(4) provides in pertinent part as follows:
   [I]n a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

session took no action within the sixty days allotted to assume or reject the Lease. Accordingly, it is deemed rejected. *See* 130 Cong. Rec. S8894, S8895 (June 29, 1984); *In re PCH Associates*, 804 F.2d 193, 199 (2nd Cir.1986); *In re BSL Operating Corp.*, 57 B.R. 945, 951 (Bkrtcy.S.D.N.Y. 1986). The fact that the debtor-in-possession has been paying rent under the Lease since the case began does not defeat the rejection. "These subsections [11 U.S.C. § 365(d)(3), (4)] were added to the Bankruptcy Code in 1984 to provide a 60–day period in which a lease of real property must be assumed or rejected, *and to require continued performance under a lease until the decision to assume or reject is made*." (emphasis added). *In re PCH Associates*, 804 F.2d 193, 199. *See also* 130 Cong. Rec. S8894, S8895 (June 29, 1984), where it was stated that, "[t]he acceptance by the lessor of any payments made by the trustee as required by this subsection does not constitute a waiver or relinquishment of the lessor's rights under such lease or under the bankruptcy code."

As discussed above, the operation of 11 U.S.C. § 365(d)(4) results in the Lease being deemed rejected. Under New York law, a sublease is constitutive of the paramount lease out of which it has been carved. The existence of the sublease depends on the continuing viability of the paramount lease. Rasch, New York Landlord & Tenant—Summary Proceedings [2d Ed.] §§ 234, 246. Accordingly, rejection of the Lease in this case must result in the Sublease being deemed rejected as well. Having been rejected, the Sublease cannot now be assumed or assigned. 11 U.S.C. § 365(f)(2)(A). While the operation of 11 U.S.C. § 365(d)(4) produces a common fate for both the Lease and Sublease, i.e. rejection, the consequence of rejection in each case differs.

The Bankruptcy Code provides specifically that upon rejection of a lease by a debtor, qua lessee, non-residential real property must be immediately surrendered to the lessor. 11 U.S.C. § 365(d)(4). In contrast, 11 U.S.C. § 365(h)(1) provides that upon rejection of a lease of non-residential real property by a debtor, qua lessor, "the les-

see may remain in possession for the balance of the lease term" to the extent permitted "under applicable nonbankruptcy law." 11 U.S.C. § 365(h)(1). The application of these subsections in this case produces the anomolous result of the Debtor being obligated to surrender the Premises, but J.J.P. not necessarily having to. The matter is resolved by resort to forum law. Thus, the dual rejection which occurred here will leave Russell and J.J.P. to vie for possession of the Premises according to New York Law. *In re Elmhurst Transmission Corp.*, 60 B.R. 9, 10 (Bkrtcy.E.D. N.Y.1986).

That matter is not properly before the Court. Nor could it be, since "federal courts acting in the bankruptcy context should deal with state law only to the extent such is *necessarily* and directly implicated by the bankruptcy issues. (emphasis in original). *In re Nanodata Computer Corp.*, 74 B.R. 766, 771 (W.D.N.Y.1987). Here, both the Lease and Sublease have been deemed rejected, leaving the bankruptcy estate with no meaningful interest in the ultimate disposition of the Premises. Accordingly, the Court should refrain from deciding a property dispute between creditors whose resolution involves purely state law questions having no necessary relation to the bankruptcy proceeding.

To summarize, the Motion to assign the Sublease is denied. The Cross-Motion to deem the Lease rejected is granted and the § 362 stay is lifted so that the parties may proceed in an appropriate forum to determine their post-bankruptcy rights in the Premises and it is so ordered.